## Howard v. Howard

*Kenneth O. Tompkins II,* for plaintiff.
*Sanford S. Finder,* for defendant.

GRIMES, *P.J.,* October 8, 1987 — The parties to this action were married February 5, 1965. On January 9, 1987, prior to Mrs. Howard obtaining her own counsel, the parties signed a purported separation and property settlement agreement prepared by Mr. Howard's attorney. On February 5, 1987, Mr. Howard filed a complaint in divorce apparently under the impression that the aforementioned agreement had settled all relevant issues and that the parties would both consent to the divorce. Mrs. Howard subsequently disavowed the agreement. On July 20, 1987, Mr. Howard petitioned this court to declare that the agreement is valid and legal. Mr. Howard amended the complaint on August 31, 1987, to allege grounds for divorce and to request that the court incorporate the provisions of the putative agreement into its final order.

## DISCUSSION

The issue before the court is whether a declaratory judgment is a proper means to determine the validity of the agreement in question. Athough 42 Pa.C.S. §7541(c)(1) states that declaratory relief is

not available with respect to any action where divorce is sought it is clear that Mr. Howard does not seek to dissolve his marriage by declaratory judgment; rather, at issue here is the validity of an agreement which is collateral to the divorce action. 42 Pa.C.S. §7533 provides:

"Any person interested under a . . . written contract, or other writings constituting a contract, or whose rights, status, or other legal relations are affected by a . . . contract, . . . may have determined any question of construction or validity arising under the . . . contract, . . . and obtain a declaration of rights, status, or other legal relationships thereunder."

Through this action Mr. Howard is asking the court to resolve the existing "uncertainty and insecurity with respect to rights, status, and other legal relations" which is the purpose of the Declaratory Judgments Act. 42 Pa.C.S. §7541(a).

Mr. Howard's amended complaint in divorce requests that the court incorporate the separation agreement into the final order, rendering the divorce action one which presents a justiciable controversy as to the validity of the agreement. Therefore, the court may properly proceed on plaintiff's petition for declaratory relief. To fail to so act at this time would result in wasted time in hearing before a master in divorce and this court since defendant has questioned the validity of the agreement in her answer to the complaint.

## ORDER

And now, this October 8, 1987, an evidentiary hearing shall be held on Thursday, October 22, 1987, at 1:30 p.m. in the courtroom of the Greene County Courthouse.